UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SHEMEKIA GLOVER ex rel. R.D., a minor ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN, Acting ) <br> Commissioner of Social Security, ) <br> ) <br> Defendant. ) | No. 13 C 9107 <br><br> Magistrate Judge Susan E. Cox |

## ORDER

Plaintiff Shemekia Glover ex rel. R.D., a minor, brings this action seeking a reversal or remand of the Administrative Law Judge's ("ALJ") decision denying her claim for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("SSA"). For the reasons set forth below, we grant the plaintiff's motion for summary judgment [dkt. 20] and remand the case. Defendant's motion for summary judgment is denied [dkt. 24].

## STATEMENT

Plaintiff sought SSI disability benefits for her minor son, R.D., who was born on August 5, 2008.[1] Beginning in 2010, plaintiff noticed a developmental delay in R.D. and had him receive weekly therapy in developmental and occupational speech.[2] Plaintiff filed the application for SSI

---

[1] R. at 20.
[2] R. at 46.

disability benefits on February 1, 2011 which was denied on May 6, 2011.[3] Once R.D. reached the age of three on August 5, 2011, he was taken out of his weekly treatments per the Early Intervention program.[4] Subsequently, R.D. attended a local pre-school until January of 2012 when the plaintiff pulled him out because of a conflict she had with the school.[5]

Upon reconsideration of her denial, plaintiff appeared at a hearing before an ALJ on June 27, 2012.[6] In this hearing, the plaintiff testified that R.D. lived with her, his grandmother, and his uncle.[7] R.D. was not attending school nor receiving treatment; plaintiff was looking into a different public pre-school for R.D. to attend in the fall of 2012.[8] She also testified that R.D. had speech and language problems, a short attention span, anger issues, and trouble getting along with children of his age.[9]

After the hearing, on July 12, 2012, the ALJ concluded that R.D. was not disabled within the meaning of the SSA.[10] The ALJ found that R.D. had severe impairments of development delays in speech and language, sensory proceeding disorder, and obesity.[11] The ALJ, however, concluded that R.D. did not have an impairment or combination of impairments that functionally

---

[3] R. at 20.
[4] R. at 55.
[5] R. at 53.
[6] R. at 40.
[7] R. at 49.
[8] R. at 24, 58.
[9] R. at 50-52, 63.
[10] R. at 20.
[11] R. at 23.

equals the severity of the listed impairments in 20 C.F.R. § Pt. 404, Subpt. P, App. 1.[12] Consequently, the ALJ held that R.D. was not disabled under § 1614(a)(3)(C) of the SSA.[13]

The Social Security Administration's Appeals Council denied further review, leaving the decision of the ALJ as the final decision of the Commissioner.[14] Here, plaintiff makes several arguments as to why the ALJ's decision has to be remanded or reversed. We will focus on three of her arguments: the ALJ's failure to consider relevant evidence; the ALJ's failure to explain his conclusions based on evidence, and; the ALJ's insufficient credibility analysis. We find all three worthy of remand.

## I. Failure to Consider an Entire Line of Evidence

We conclude that a remand is appropriate because the ALJ failed to consider an entire line of office treatment records such as reports from a licensed speech and language pathologist, a pediatrician, and a developmental therapist.[15] These records, all of which support the plaintiff's case, were not discussed in the ALJ's opinion.[16]

The ALJ does not have to discuss every piece of evidence, but he may not ignore an entire line of relevant evidence that could support the plaintiff.[17] He may not analyze only the evidence supporting his ultimate conclusion while ignoring evidence to the contrary.[18] Rather, he must "confront the evidence that does not support [his] conclusion and explain why that evidence

---

[12] *Id.*

[13] R. at 33.

[14] 20 C.F.R. § 416.1481; *Blakes ex rel. Wolfe v. Barnhart*, 331 F.3d 565, 568 (7th Cir. 2003).

[15] R. at 229-55.

[16] *Id.*

[17] *Compare Arnett v. Astrue*, 676 F.3d 586, 592 (7th Cir. 2012) (remanding a case because the ALJ failed to discuss an entire line of evidence) *with Jones v. Astrue*, 623 F.3d 1155, 1162 (7th Cir. 2010) (affirming a case because the ALJ's failure to discuss a section of the evidence was insignificant).

[18] *Moore v. Colvin*, 743 F.3d 1118, 1123 (7th Cir. 2014) (remanding a case because the ALJ failed to consider a testimony of the plaintiff's mother and multiple years of medical records which all supported the plaintiff's case).

was rejected."[19] Medical evidence, especially, must be given substantial weight unless there are specific and legitimate reasons for rejecting it.[20]

Specifically, the ALJ failed to consider an entire line of medical evidence that supports the plaintiff's case. The ALJ did not discuss a pathologist's report that recommended that R.D. receive speech and language therapy.[21] Neither did the ALJ discuss a medical diagnostic report by pediatricians who identified that R.D. needed intervention for cognitive development because he had a short attention span and distractibility.[22] Moreover, the ALJ did not review a developmental therapist's report which recommended that R.D. obtain intervention in cognitive development and communication development.[23]

## II. Failure to Explain Conclusions Based on Evidence

We also remand because the ALJ failed to adequately explain his conclusions based on evidence. In addition to considering the relevant evidence, the ALJ must build a "logical bridge" and adequately explain his conclusions based on evidence.[24] He may not, for example, discuss evidence that supports the plaintiff but conclude otherwise without explanation.[25]

---

[19] *Id.* at 1123 (citing *Indoranto v. Barnhart,* 374 F.3d 470, 474 (7th Cir.2004)).

[20] *See* 20 C.F.R. § 404.1527(b)-(d); *Knight v. Chater*, 55 F.3d 309, 313 (7th Cir. 1995).

[21] R. at 230.

[22] R. at 236-39.

[23] R. at 255.

[24] *Giles ex rel. Giles v. Astrue*, 483 F.3d 483, 486 (7th Cir. 2007).

[25] *Id.* at 488 (remanding a case because "[t]he ALJ noted that [the plaintiff] has difficulty in maintaining attention and concentration in order to complete tasks, that his teachers reported numerous attention problems, and that he needed nearly constant supervision to finish classroom tasks; however, the ALJ did not explain why these findings were insufficient to find a marked limitation in attending and completing tasks"); *see also Scott v. Barnhart*, 297 F.3d 589, 592 (7th Cir. 2002) (remanding a case because the ALJ found "evidence which shows that the claimant is hyperactive with language, speech, and cognitive delays" yet concluded that "these difficulties did not meet or equal any impairments in the SSA's listings" without meaningful explanation).

In discussing the domain of "attending and completing tasks," the ALJ noted that R.D. had impulse control issues and difficulty focusing.[26] Yet, the ALJ concluded that these difficulties were a "less than marked limitation" without explaining how he came to that conclusion.[27] Likewise, in the domain of "moving about and manipulating objects," the ALJ identified that R.D. had slight problems moving his body and manipulating objects.[28] Again, the ALJ concluded that these limitations were a "less than marked limitation" without explaining why these limitations did not rise to the level of marked limitation.[29] Finally, in the domain of "caring for yourself," the ALJ noted that R.D. was not potty trained at the age of four (without citing any evidence).[30] Then his conclusion, again, lacked any explanation.[31] Although the ALJ separately discussed and summarized some relevant evidence that could have supported these conclusions, it is unclear how the evidence and his conclusions connect.[32]

## III. Lack of Credibility Analysis

Finally, we remand because the ALJ failed to provide a credibility analysis of the plaintiff's testimony. More specifically, the ALJ rejected her testimony with a "boilerplate statement" and provided no analysis confronting or reconsidering the plaintiff's testimony.[33]

---

[26] R. at 29.

[27] *Id.* (the ALJ concluded that "[t]he claimant has less than marked limitation in attending and completing tasks. The claimant's teacher noted that the claimant had some impulse control issues that impacted his attention to tasks. The claimant had some difficulty focusing, carrying out multistep instructions, and changing from one activity to another (Exhibit 10F)").

[28] R. at 31.

[29] *Id.*

[30] R. at 32.

[31] *Id.*

[32] R. at 25-27.

[33] R. at 25 (relating to the plaintiff's testimony, the ALJ concluded "the statements concerning the intensity, persistence and limiting effects of [R.D.'s] symptoms are not credible to the extent that they are inconsistent with the finding that the claimant does not have an impairment or combination of

Generally, we give special deference to the ALJ's credibility determinations unless it is patently wrong because the ALJ has the opportunity to observe the testimony of the plaintiff.[34] The ALJ, however, "must explain [his credibility] decision in such a way that allows us to determine whether [he] reached [his] decision in a rational manner."[35] He must confront the plaintiff's testimony and discuss why and how he reached his conclusions to the contrary.[36] The use of a "boilerplate statement" in determining the plaintiff's credibility without such analysis has been repeatedly criticized by the Seventh Circuit.[37]

Here, the ALJ used a "boilerplate statement" and did not subsequently explain his reasons for rejecting the plaintiff's testimony.[38] There is some discussion of medical evidence and treatment records, which are contrary to the plaintiff's testimony, but the reasoning of the ALJ's credibility analysis is, at best, implicit and not sufficient.[39] The ALJ neither confronts the plaintiff's testimony nor provides an analysis discussing inconsistencies between the evidence

---

impairments that functionally equals the listings for the reasons explained below" but he did not explain the reasons subsequently).

[34] *Schomas v. Colvin*, 732 F.3d 702, 708 (7th Cir. 2013).

[35] *McKinzey v. Astrue*, 641 F.3d 884, 890 (7th Cir. 2011).

[36] *See, e.g., Sienkiewicz v. Barnhart,* 409 F.3d 798, 804 (7th Cir.2005) (holding that the ALJ provided an adequate credibility analysis by discussing the inconsistencies between the plaintiff's testimony and medical records); *Prochaska v. Barnhart*, 454 F.3d 731, 737-38 (7th Cir. 2006) (holding that the ALJ provided an adequate credibility analysis by comparing the plaintiff's testimony with medical records).

[37] *Bjornson v. Astrue*, 671 F.3d 640, 645 (7th Cir. 2012). (the ALJ's boilerplate statement stated the following without explanation: "[a]fter careful consideration of the evidence, the undersigned [ALJ] finds that the claimant's medically determinable impairments would reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment"); *see also Parker v. Astrue*, 597 F.3d 920, 922 (7th Cir. 2010) (calling such templates "meaningless boilerplate").

[38] R. at 25-27.

[39] *Golembiewski v. Barnhart*, 322 F.3d 912, 916 (7th Cir. 2003) (rejecting the Commissioner's argument that "the body of the ALJ's decision implicitly supplies reasons for rejecting the [plaintiff's] testimony").

and plaintiff's testimony.[40] Accordingly, we do not find that the ALJ conducted a sufficient credibility analysis.

## CONCLUSION

Plaintiff's motion for summary judgment is, therefore, granted [dkt.20] and the defendant's motion for summary judgment is hereby denied [dkt. 24]. We remand the case for further analysis by the ALJ.

**DATED:** <u>February 26, 2015</u>  /s/ Susan E. Cox
Susan E. Cox
United States Magistrate Judge

---

[40] R. at 25-27.